**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL A. COLLINS,

     Plaintiff - Appellant,

v.

TRANS UNION, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.,

     Defendants - Appellees,

and

GREYSTONE ALLIANCE LLC,

     Defendant.

No. 15-1482
(D.C. No. 1:14-CV-00742-RBJ-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

     Plaintiff Michael A. Collins appeals the grant of summary judgment by the United

States District Court for the District of Colorado to credit-reporting agencies Trans

Union, LLC and Experian Information Services, Inc. (collectively, Defendants). He also

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeals orders denying his motions to exclude evidence and orders denying his requests for time extensions to respond to Defendants' summary-judgment motions. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Consumer reporting agencies such as Trans Union and Experian compile credit and public-record information into individualized credit reports, then make those reports available to others to help them decide, for example, whether to hire or extend credit to the subject of the report. The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (FCRA), requires such agencies to adopt reasonable procedures to ensure that credit reports are accurate. *See* 15 U.S.C. § 1681(b). Plaintiff filed suit against Defendants, alleging violations of the FCRA and the Colorado Consumer Protection Act (CCPA), C.R.S.A. § 6-1-101 et seq., and also raising common-law claims for fraud and misrepresentation. We agree with the reasoning of the magistrate judge, adopted by the district court, that summary judgment is appropriate on each claim.

The common-law claims—for negligent misrepresentation, false representation, fraudulent misrepresentation, fraud in the inducement, and fraudulent concealment—are each based on Plaintiff's contention that Defendants fraudulently induced him into settling prior claims against them. The prior claims were brought in a 2009 suit against Defendants for violating the FCRA. Each case settled, with Plaintiff obtaining a cash payment in exchange for a release of all claims based on actions occurring on or before the date of settlement (both settled in 2009). Plaintiff alleges that he was fraudulently induced into settling, but the agreements contain clear language that Plaintiff, in making the agreement, did not rely on any statement made by the Defendants. Those signed

disclaimers are fatal to Plaintiff's fraud and misrepresentation claims, which all require reliance.

As for the credit-reporting claims, Plaintiff's present suit, like the prior suit, alleges that Defendants falsely reported Plaintiff's credit history in multiple instances dating back to 2005. Because the 2009 settlement agreements are valid, they bar each claim arising from actions predating those agreements. Plaintiff also alleges, however, that Defendants falsely reported five items on his credit report after 2009: two civil judgments against him, a mortgage foreclosure, an unpaid account balance, and a personal debt. Defendants concede that these claims are not barred by the 2009 agreements, but the magistrate judge found no liability because Defendants accurately reported each item. Plaintiff did not object to that portion of the magistrate judge's recommendation, nor does he challenge it on appeal. The district court adopted her recommendation, and we affirm.

Turning to Plaintiff's claim under the CCPA, through which he sought relief for the allegations underlying both his FCRA and common-law claims, he had to show that a defendant's actions "significantly impact[] the public as actual or potential consumers of the defendant's goods, services, or property." *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998). The district court ruled against Plaintiff because he failed to show such public impact. Again, Plaintiff points to no error in the district court's reasoning, nor do we see any.

Plaintiff next challenges the denial of three motions to exclude evidence. The first motion alleged that Defendants had failed to disclose emails exchanged during the 2009

settlement negotiations and had failed to identify in their Rule 26 disclosures the individuals who later provided affidavits in support of Defendants' motions for summary judgment. The second motion alleged that Defendants had given inadequate responses to his written discovery requests. The district court ruled that, whatever the merit of the two motions, the complained-of conduct did not affect the disposition of Plaintiff's claims. Plaintiff identifies no error in that determination.

Plaintiff's third motion was to exclude his deposition testimony on the ground that he "was not [given] an opportunity to cross-examine himself during his deposition." Aplt. Br. at 17. But Plaintiff identifies no error, nor do we see any, in the district court's ruling that Plaintiff did have the opportunity to cross-examine himself, had he so chosen.

Plaintiff also appeals the denials of his requests for additional time to respond to Defendants' summary-judgment motions. Plaintiff never filed a response to either. Instead, he sought extra time to respond to the motions. His first request was denied because of impending dates for the pretrial conference and trial. He then unsuccessfully moved for a continuance of the trial date and additional time to prepare his response. We review for abuse of discretion the trial court's denial of motions for time extensions or continuances. *See Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (time extensions); *United States v. Simpson*, 152 F.3d 1241, 1251 (10th Cir. 1998) (continuances). We "find error only if the district court's decision . . . materially prejudiced the defendant." *Simpson*, 152 F.3d at 1251. Plaintiff has shown no prejudice. He argues that the denials "resulted in the prevention and exclusion of favorable evidence and testimony" and that if he "had been allowed to file a Response" the district court

4

would have denied Defendants' motions.  Aplt. Br. at 13–14.  But he provides no explanation of his alleged path to victory and does not specify any evidence or testimony that additional time would have allowed him to uncover.

Plaintiff raised additional arguments and theories in his reply brief, including that the settlement agreements were contracts of adhesion and against public policy.  Because these points appear for the first time in the reply brief, we do not consider them.  *See In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015).

We AFFIRM the order granting Defendants' motions for summary judgment and AFFIRM the orders denying Plaintiff's discovery motions and motions for extensions of time.  We DENY Plaintiff's request to proceed in forma pauperis.

Entered for the Court

Harris L Hartz
Circuit Judge